A CERTIFIED TRUE COPY
ATTEST

By Dana Stewart on Jun 18, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Jun 18, 2009

FILED
CLERK'S OFFICE

IN RE: HELICOPTER CRASH NEAR WEAVERVILLE,
CALIFORNIA, ON AUGUST 5, 2008

MDL No. 2053

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff Liberty Mutual Fire Insurance Co. (Liberty Mutual) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Oregon or, alternatively, the Eastern District of California. Plaintiffs in the District of Oregon *Charlson* action support the motion. Defendant Houston Casualty Co. (Houston Casualty) supports inclusion of its action (the insurance action) in centralized proceedings. Defendants Carson Helicopters, Inc., Carson Helicopter Services, Inc. (collectively Carson), and Columbia Helicopters, Inc. (Columbia) support centralization of only the tort actions in the District of Oregon, and oppose inclusion of the insurance action and the action between Carson and Columbia (the contract action) in centralized proceedings. Plaintiffs in the District of Oregon *O'Donnell*, *Hammer*, *Gomez*, and *Wilson* actions oppose centralization or, alternatively, oppose inclusion of those actions in centralized proceedings. Defendants General Electric Co., Sikorsky Aircraft Corp., and United Technologies Corp. either oppose centralization or request that the Panel defer its ruling pending the possible transfer of all actions pending outside the District of Oregon to that district, pursuant to 28 U.S.C. § 1404(a). If the Panel deems centralization appropriate, defendant General Electric Co. supports inclusion of the insurance action in centralized proceedings. The individuals whom Liberty Mutual purports to represent as statutory assignee in the District of Connecticut and Eastern District of California actions oppose centralization.

This litigation currently consists of nine actions listed on Schedules A and B and pending in three districts, seven actions in the District of Oregon and one action each in the Eastern District of California and the District of Connecticut.[1]

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact and that centralization under Section 1407 in the

---

[*] Judge Heyburn and Judge Motz did not participate in the disposition of this matter.

[1] Two actions pending in the District of Oregon were pending in the Eastern District of California and the Eastern District of Pennsylvania, respectively, at the time the motion was filed, but they have since been transferred to the District of Oregon pursuant to Section 1404(a). The Panel has been notified that two additional related actions have been filed in the District of Oregon. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Certified to be a true and correct copy of original filed in this District.
Dated 7-8-2009
Mary L. Moran Acting, Clerk of Court
US District Courts of Oregon
By A. Munoz    Deputy OPS Support Spst
Pages 1 Through 5

-2-

District of Oregon will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Seven actions on Schedule A pending in the Eastern District of California, the District of Connecticut, and the District of Oregon concern the cause or causes of the crash of a Sikorsky model Helicopter in the Shasta-Trinity National Forest near Weaverville, California, on August 5, 2008. Each of these actions is a personal injury or wrongful death action brought by or on behalf of a victim of the crash. The eighth action, an insurance coverage action now pending in the District of Oregon, shares factual questions with these tort actions in that this insurance action will involve who was in control of the helicopter at the time of the crash. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization of the seven tort actions, certain parties argue that, *inter alia*, (1) there are not enough actions with common questions of fact to justify the creation of an MDL; (2) the District of Oregon *O'Donnell, Hammer, Gomez,* and *Wilson* actions may be remanded to state court; and (3) Liberty Mutual has artificially justified the creation of an MDL by filing two actions in two different district courts. Additionally, the individuals whom Liberty Mutual seeks to represent as statutory assignee object to Liberty Mutual's representation of their interests, and claim that Liberty Mutual's prosecution of these actions violates the applicable Oregon worker's compensation law. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. Plaintiffs' motions for remand to state court are already pending in the transferee court for decision. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). Indeed, transfer to a single district under Section 1407 has the salutary effect of placing these seven related actions before a single judge who can consistently address concerns regarding the interpretation of Oregon law and other pretrial matters.

Some defendants oppose centralization or request that the Panel defer its ruling pending the possible transfer of the actions pending in the Eastern District of California and the District of Connecticut, both brought by Liberty Mutual, to the District of Oregon pursuant to Section 1404(a). While the plaintiff in the District of Oregon *Charlson* action agreed to such a transfer, there is no indication that Liberty Mutual will agree to such a stipulation, nor is there any indication that a ruling on the Section 1404(a) motion filed in the District of Connecticut is imminent. A motion of this type has not yet been filed in the Eastern District of California action.

In opposition to the inclusion of the insurance action in centralized proceedings, certain parties argue that this action does not share questions of fact with the remaining actions, as it is a declaratory judgment action regarding the interpretation of an insurance policy. However, the contract between Carson and the U.S. Forest Service is at issue in both the insurance action and the tort actions, and we are therefore persuaded that they share sufficient factual questions to justify centralization. Moreover, the insurance action was recently transferred to the District of Oregon pursuant to Section 1404(a), and therefore is already pending in the transferee district.

No party, it turns out, appears to advocate for inclusion of the contract action in centralized

-3-

proceedings. We determine that it should be excluded. This action asserts breach of contract arising from an indemnification dispute and is factually distinguishable from the other eight actions.

We are persuaded that the District of Oregon is an appropriate transferee district. Nearly all of the helicopter crash victims were residents of Oregon, and pertinent evidence and witnesses are likely located there, where the helicopter was maintained and serviced. Furthermore, the majority of the actions are already pending in that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Oregon are transferred to the District of Oregon and, with the consent of that court, assigned to the Honorable Michael W. Mosman for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that centralization under Section 1407 of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*      J. Frederick Motz*
Kathryn H. Vratil                  David R. Hansen
W. Royal Furgeson, Jr.             Frank C. Damrell, Jr.

IN RE: HELICOPTER CRASH NEAR WEAVERVILLE,
CALIFORNIA, ON AUGUST 5, 2008                                    MDL No. 2053

### SCHEDULE A

#### Eastern District of California

Liberty Mutual Fire Insurance Co., etc. v. Sikorsky Aircraft Corp., et al., C.A. No. 2:08-3002

#### District of Connecticut

Liberty Mutual Fire Insurance Co., etc. v. Sikorsky Aircraft Corp., et al., C.A. No. 3:09-191

#### District of Oregon

Kathleen A. O'Donnell, etc. v. Columbia Helicopters, Inc., et al., C.A. No. 3:09-303
Monica Marie Hammer, et al. v. Columbia Helicopters, Inc., et al., C.A. No. 3:09-304
SanJuanita Cortez Gomez, etc. v. Carson Helicopters, Inc., et al., C.A. No. 3:09-326
Verna Wilson, etc. v. Columbia Helicopter, Inc., et al., C.A. No. 3:09-327
Richard Charlson, et al. v. Carson Helicopters, Inc., et al., C.A. No. 3:09-509
Carson Helicopters, Inc., et al. v. Houston Casualty Co. (civil action number not yet assigned, formerly E.D. Pennsylvania, C.A. No. 2:08-5301)

IN RE: HELICOPTER CRASH NEAR WEAVERVILLE,
CALIFORNIA, ON AUGUST 5, 2008               MDL No. 2053

## SCHEDULE B

<u>District of Oregon</u>

Columbia Helicopters, Inc. v. Carson Helicopters, Inc., C.A. No. 6:08-6415